

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 48 WELFARE FUND,<br>　　　Plaintiff,<br><br>v.<br><br>SHOOK & FLETCHER MECHANICAL CONTRACTORS, INC.,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action to enforce an employer's contractual obligation to make contributions to multi-employer employee benefit plans under the terms of the Plans and under the terms of a collectively bargained labor agreement.

2. Plaintiff Sheet Metal Workers Local 48 Welfare Fund ("Fund" or "Plan") is a multi-employer employee benefit plan as that term is defined in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1002(3) and (37) (as amended). The Plan is established and maintained according

to the provisions of an Agreement and Declaration of Trust. Contributions to the Plan is provided for in a Collective Bargaining Agreement (CBA) between the Sheet Metal Worker Local 48 Welfare Fund and participating employers. The Plan is administered by a Board of Trustees.

3. The Defendant, Shook & Fletcher Mechanical Contractors, Inc., is a participating employer, a party to the Collective Bargaining Agreement, or is otherwise obligated to make contributions to the Plans pursuant to a written agreement.

4. Defendant has been bound to a Collective Bargaining Agreement with the Sheet Metal Worker Local 48 which sets forth the terms and conditions of employment of bargaining unit members, including contributions to Plaintiff Funds, for many years.

5. Pursuant to the provisions of the respective Plan and Collective Bargaining Agreement, the Defendant agreed to pay to Plaintiff Plan certain sums of money for each hour worked by employees covered by the Collective Bargaining Agreement.

6. Defendant agreed to be bound to the Agreements and Declarations of Trust governing the Plaintiff Fund and agreed to make contributions on behalf of covered employees in conformity with the Agreements and Declarations of Trust establishing the Plaintiff Fund.

7.      Defendant employed employees covered by the collective bargaining agreement during the months of July 2020, August 2020, September 2020, and October 2020.

8.      Defendant has failed to make contributions to the Plan for the months of July 2020, August 2020, September 2020, and October 2020 .

9.      The Agreement and Declaration of Trust that governs the Plan provides that an employer who fails to pay the amounts required by the collective bargaining agreement on time shall be obligated to pay interest after the date of delinquency to the date of payment as well as all necessary costs of collection incurred by the Fund including, but not limited to, reasonable attorneys' fees, interest, audit fees, liquidated damages and court costs.

10.     Defendant has been consistently late in paying its obligations to the Plan.  Late payment has caused the Plan and its participants harm, including incurring additional attorney fees.  Defendant made payment late in the months February 2017, March 2017, April 2017, May 2017, August 2017, June 2018, July 2018, September 2019 and January 2020.  Defendant owes the Plans $12,049.34 in interest and liquidated damages for these months.

11.     Defendant owes the Plan attorney fees and court costs for fees, cost and expenses incurred in connection with the collection of the delinquent contributions.

WHEREFORE, the Plaintiff's Trustees pray judgment as follows:

3

A. That the Court enter judgment in favor of Plaintiff and against Defendant for all contributions due and payable to the Fund and for liquidated damages for July 2020, August 2020, September 2020, and October 2020. In addition, Plaintiff prays for interest from the due date of payment, costs, liquidated damages, and attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, and the Trust documents.

B. That the Court enter judgment in favor of Plaintiff in the amount of $12,049.34 for interest and liquidated damages for months of February 2017, March 2017, April 2017, May 2017, August 2017, June 2018, July 2018, September 2019 and January 2020.

C. That judgment be entered in favor of Plaintiff and against Defendant for contributions to the Plaintiff's Fund which become due after the filing of this lawsuit and up to the date of judgment plus costs, interest, liquidated damages and attorneys' fees.

D. For an order enjoining future breaches of the collective bargaining or trust agreements and requiring Defendant to submit all financial reports and contributions in a timely manner as set out in the Agreements and Declarations of Trust.

E. That Defendant be required to post adequate bond to ensure its

performance under the terms of the Trusts, as provided for by the Trust documents.

F.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Glen M. Connor

Glen M. Connor
Attorney for Plaintiffs
Quinn, Connor, Weaver,
Davies and Rouco
2 North 20th Street, Suite 930
Birmingham AL 35203
(205) 870-9989
(205) 803-4143(fax)
gconnor@qcwdr.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Shook & Fletcher Mechanical Contractors, Inc.
c/o Jim Traywick
Post Office Box 10803
Birmingham, AL  35202